O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC 29 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO H. CARTER, | Case No. CV 10-9285-JST (RNB) |
| Plaintiff, | |
| vs. | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and the objections thereto filed by the Commissioner.

Having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court accepts the Magistrate Judge's findings and recommendations with the following caveat. With respect to the Magistrate Judge's recommendation that the ALJ's Listings determination not be affirmed, the Commissioner is correct that this Court lacks jurisdiction to review the Appeals Council's decision denying plaintiff's request for review. See Taylor v. Comm'r of SSA, 659 F.3d 1228 (9th Cir. 2011). The Commissioner also is correct that, in Taylor, the Ninth Circuit reaffirmed its holding in Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996), cert. denied, 519 U.S. 881

1

(1996) that the Appeals Council is not required to make any particular evidentiary finding when it rejects evidence obtained after an adverse administrative decision. See id. at 1232. However, in Taylor, the Ninth Circuit also reaffirmed its holding in a case decided prior to Gomez, Ramirez v. Shalala, 8 F.3d 1449 (9th Cir. 1993). There, the Ninth Circuit had faulted the Appeals Council for failing to give any reason, let alone a "specific and legitimate" reason based on the substantial evidence of record, for rejecting the opinion of a treating physician contained in a report submitted to the Appeals Council in conjunction with the claimant's request for review, and had remanded to the district court for an immediate award of benefits. See Ramirez, 8 F.3d at 1451-55. In Taylor, the Ninth Circuit seemingly reconciled its Gomez and Ramirez holdings in the following manner: "In Ramirez, we held that we could consider the physician's opinion, which was rejected by the Appeals Council, to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." 659 F.3d at 1232.

Moreover, in addressing the claimant's argument that the Appeals Council had improperly rejected a psychiatric evaluation and medical source statement dated two years after the claimant's insured status had expired, the Ninth Circuit observed that if the Appeals Council had rejected the opinion because it believed it to concern a time after the claimant's insurance expired, "its rejection was improper." See id. The Ninth Circuit concluded, however, that the Appeals Council had not considered the opinion at all when it denied the claimant's request for review. See id. It therefore remanded for consideration of the psychiatric evaluation and medical source statement in accordance with the rules governing consideration of physicians' opinions. See id. at 1233.

Since neither the Gomez panel nor the Taylor panel had the authority to override Ramirez, the Magistrate Judge arguably did not err in basing his decision on the Appeals Council's failure to provide reasons for rejecting Dr. Curtis's opinion consistent with the standards applicable to the rejection of medical opinions

generally. Numerous other district court decisions in this Circuit support the proposition that where the Appeals Council considers a treating or examining physician's opinion submitted after issuance of the ALJ's decision and rejects that opinion or denies review after stating that it has considered that evidence, it must provide specific and legitimate reasons for doing so. See, e.g., Luckett v. Astrue, 2010 WL 3825703, *9 (E.D. Cal. Sept. 28, 2010) (holding that, where the Appeals Council indicated it had considered plaintiff's claims of error and a newly offered medical opinion, the Appeals Council erred by not stating a specific reason for rejecting that opinion); Brent v. Astrue, 2010 WL 3521788, *5-*6 (C.D. Cal. Sept. 7, 2010) (concluding that the Appeals Council erred by summarily rejecting the later-submitted opinion of an examining physician without providing specific reasons supporting such rejection); Jenkins v. Astrue, 2010 WL 368877, *4 (C.D. Cal. Jan. 27, 2010) ("The bald conclusion that Dr. Peterson's statement did not provide a basis for changing the ALJ's decision is legally insufficient. The Appeals Council should have set forth specific and legitimate reasons supported by substantial evidence for rejecting Dr. Peterson's statement or remanded the case back to the ALJ to consider it."); Castillo v. Astrue, 2008 WL 4330253, *4 (C.D. Cal. Sept. 18, 2008) (holding that the Appeals Council's failure to provide specific and legitimate reasons for rejecting a treating physician's opinion was "clear legal error" and that the result would be the same if the physician was only an examining physician); Siska v. Barnhart, 2002 WL 31750220, *5 (N.D. Cal. Dec. 4, 2002) ("[T]he Appeals Council considered the opinions of Dr. Chua and Cook, but found those opinions did not provide a basis for changing the ALJ's decision.... In so ruling, the Appeals Council did not provide any specific and legitimate reasons for its conclusion, and thus erred.").

Moreover, even if the Appeals Council only considered Dr. Curtis's report for the limited purpose of determining whether it was material and based its determination that the new evidence did not provide a basis for changing the ALJ's

3

decision on the fact that Dr. Curtis did not examine plaintiff until three months after the period under the ALJ's consideration, as the Commissioner appears to be contending, that determination would have been improper under Taylor and Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1996). Thus, whether or not it was incumbent on the Appeals Council to provide specific and legitimate reasons for rejecting Dr. Curtis's opinion, the Court is unable to find that the Commissioner's denial of benefits is supported by substantial evidence, in light of Dr. Curtis's opinion. The Court therefore agrees with the Magistrate Judge that the ALJ's Listings determination cannot be affirmed, but rather this case must be remanded for proper consideration of Dr. Curtis's opinion in accordance with the standards applicable to the rejection of medical opinions generally. See Taylor, 659 F.3d at 1233; see also Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("While we properly may consider the additional evidence presented to the Appeals Council in determining whether the Commissioner's denial of benefits is supported by substantial evidence, it is another matter to hold on the basis of evidence that the ALJ has had no opportunity to evaluate that Appellant is entitled to benefits as a matter of law. The appropriate remedy in this situation is to remand this case to the ALJ; the ALJ may then consider, the Commissioner then may seek to rebut and the VE then may answer questions with respect to the additional evidence.").

    IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with the Report and Recommendation.

DATED: December 27, 2011

JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE